UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSE MOLINA,

Plaintiff,

-vs-                                                          DECISION AND ORDER

12-CV-6310

MATTHEW D. SAUNDERS, et al.,

Defendants.

## INTRODUCTION

This civil rights action pursuant to 42 U.S.C. §1983 arose out of the arrest of plaintiff
José Molina ("plaintiff") during the early morning hours of September 19, 2010, by five police
officers employed by the City of Elmira Sheriff's Department who responded to a 9-1-1 call
concerning events at plaintiff's home – Matthew Saunders ("Saunders"), James Wandell
("Wandell"), Joshua Vanskiver ("Vanskiver"), Stephen Lincoln ("Lincoln") and John Perrigo
("Perrigo"). Eventually, plaintiff and his son, José Molina, Jr., were arrested. Plaintiff's claims
against the defendants include unlawful entry, unlawful arrest and excessive force.

On January 14, 2016, after a six-day jury trial, the jury returned a verdict of "no cause"
on all of plaintiff's claims. (Dkt. #79). Plaintiff now moves for a new trial pursuant to Fed. R.
Civ. Proc. 59(a), on the grounds that: (1) the jury's "no cause" verdict was against the weight of
the evidence; and (2) defendants inappropriately exercised a peremptory challenge to strike a
minority juror. (Dkt. #82). For the reasons that follow, plaintiff's motion is denied.

## DISCUSSION

### I.   Weight of the Evidence

Fed. R. Civ. Proc. 59(a) provides that, "[t]he Court may, on motion, grant a new trial on all or some of the issues – and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. Proc. 59(a). A trial court may grant such a motion to prevent a "miscarriage of justice" and grant a new trial if, in the court's opinion, the jury's verdict was against the weight of the evidence. *Mallis v. Bankers Trust Co.*, 717 F.2d 683, 691 (2d Cir. 1983). In deciding whether a new trial should be granted, the court may weigh the evidence and assess "the verdict in the overall setting of trial." *Benevino v. Saydjari*, 574 F.2d 676, 684 (2d Cir. 1978). Nonetheless, "it is still improper for the Court to grant a new trial when 'resolution of the issues depend[s] on assessment of the credibility of the witnesses,'" *Benson v. Yaeger*, 2010 U.S. Dist. LEXIS 122966 at *10 (W.D.N.Y. 2010), *quoting United States v. Landau*, 155 F.3d 93, 105 (2d Cir. 1998), and therefore a jury's credibility findings should be only "rarely disturb[ed]." *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir. 1998). *See also Sorlucco v. New York City Police Dep't*, 971 F.2d 864 (2d Cir. 1992).

Plaintiff argues that the jury's verdict in favor of the defendants was against the weight of the evidence, because: (1) there was insufficient evidence of "exigent circumstances" for a reasonable jury to find that the defendant officers' warrantless entry onto plaintiff's private property was justified by "probable cause plus exigent circumstances" for purposes of the Fourth Amendment, or an "emergency" under New York law; and (2) there was insufficient evidence of any lawful basis for the officers to remain on plaintiff's private property after his arrest.

Plaintiff does not directly challenge the jury's finding that the defendants who arrested plaintiff had probable cause to do so. However, whether the warrantless nature of the defendants' entry on plaintiff's property was justified by the necessary combination of probable cause *plus* exigent circumstances is an "objective [determination] that turns on the totality of circumstances confronting law enforcement agents in the particular case." *United States v. Gordils*, 982 F.2d 64, 69 (2d Cir. 1992). Relevant considerations may include, but are not limited to: (1) the nature of the offense with which the suspect is to be charged; (2) whether the suspect is reasonably believed to be armed; (3) probable cause to believe that the suspect committed the crime at issue; (4) strong reason to believe that the suspect is present on the premises to be entered; (5) the likelihood of escape if the suspect is not apprehended; and (6) the peacefulness of the entry. *See e.g.*, *United States v. Moreno*, 701 F.3d 64, 73-75 (2d Cir. 2012).

Here, the evidence presented to the jury included: (1) testimony by the girlfriend of José Molina, Jr., Heather Sweet ("Sweet") that José Molina, Jr. was intoxicated on the night of September 19, 2010 and had made threats against her as they engaged in an argument outside of their adjoining residences (resulting in a minor child of Sweet's calling 9-1-1 to summon law enforcement to the home); (2) testimony by defendant officers Wandell, VanSkiver and Saunders that after arriving at the Molina residence in response to the 9-1-1 call, they overheard José Molina, Jr. yelling at Sweet that he would harm or kill her; (3) testimony by defendant officers Wandell, Vanskiver, Saunders and others that despite warnings by them to desist, José Molina, Jr. repeatedly retreated into his own residence, and then re-emerged to confront Sweet in a loud and threatening manner, disturbing the neighborhood and attracting the attention of neighbors; (4) testimony by defendant officer Wandell that José Molina, Jr.'s conduct made Wandell concerned for Sweet's safety; (5) testimony by defendant officers Wandell, Vanskiver and

Saunders that they entered the Molina residence for the purpose of pursuing and arresting José Molina, Jr., after he attempted to flee from them; (6) testimony by defendants that plaintiff physically and verbally attempted to interfere with the arrest of his son, including yelling at the arresting officers from inside and outside of the house, and repeatedly striking one of the arresting officers; and (7) testimony by defendants that a few minutes later, as José Molina, Jr. was taken into custody, additional officers who had just arrived on the scene (defendants Lincoln and Perrigo) were instructed to enter the Molina residence to effect plaintiff's arrest.

In light of this testimony, there was ample evidence by which the jury could have concluded that the warrantless entry onto plaintiff's property by each of the defendant officers – Matthew Saunders, James Wandell, Joshua Vanskiver, Stephen Lincoln and John Perrigo – was justified by emergent and/or exigent circumstances, and that the scope and duration of the defendants' investigation incident to the arrests of plaintiff and José Molina, Jr., including but not limited to the officers' entering, reentering or remaining on the property for a short time, was reasonable. The jury was free to accept or reject the testimony of plaintiff, the arresting officers, and other witnesses concerning the events of September 19, 2010 as it saw fit, and to draw reasonable inferences therefrom. *See Benson*, 2010 U.S. Dist. LEXIS 122966 at *10.

In light of these factors, the Court cannot conclude that the jury's verdict was against the weight of the evidence, or that it constituted a miscarriage of justice.


**II.**   *Batson* **Challenge**

Under *Batson v. Kentucky*, 476 U.S. 79 (1986), a party who believes he has been denied equal protection through his opponent's use of peremptory challenges may challenge the striking of a juror believed to be discriminatory. Analyzing a *Batson* claim requires a three step process.

First, the movant (here, plaintiff) must make out a *prima facie* case by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose. Then, the burden shifts to the proponent of the strike (here, defendants) to provide an adequate, race-neutral justification for the strike. If a race-neutral justification is provided, then the trial court must then determine whether the movant has proved "purposeful racial discrimination." *Johnson v. California*, 545 U.S. 162, 168 (2005).

The fact that an individual is a member of a minority group is not, by itself, sufficient to suggest a *Batson* violation. "Unless a discriminatory intent is inherent in the [party's] explanation, the reason offered is deemed race neutral." *Purkett v. Elen*, 514 U.S. 765, 768 (1995). Here, the plaintiff objected to the defendants' striking of a potential juror who was of African-American descent.

Initially, the Court is not convinced that a *prima facie* showing was made by plaintiff, that the totality of the circumstances gave rise to an inference of discriminatory purpose. However, even assuming *arguendo* that plaintiff did make such a showing, in response to plaintiff's challenge, defendants offered a race-neutral reason for the peremptory challenge, noting that the prospective juror had indicated that: (1) his son had been arrested; (2) he believed that his son's arrest had been unlawful, and; (3) he was angry over the payment of restitution in connection with that arrest. Plaintiff offers no evidence that the defendants' reason for the strike was pretextual, except to point out that a Caucasian juror whose son had been arrested was not struck. However, that juror is easily distinguishable from the one in question with respect to the reasons given for the strike. The Caucasian prospective juror expressed no anger concerning his son's arrest, and testified that he believed that his son's arrest was lawful and the arresting officers' actions justified. As such, plaintiff has failed to meet his burden to show that the

defendants exercised any of their peremptory challenges in a discriminatory manner, or that the Court's ruling on plaintiff's objection was erroneous.

## CONCLUSION

For the foregoing reasons, I find that the plaintiff was afforded a full and fair opportunity to prosecute his claims, and that the jury's verdict was not a miscarriage of justice or against the weight of the evidence. Plaintiff's motion for a new trial pursuant to Fed. R. Civ. Proc. 59(a) (Dkt. #82) is denied in its entirety.

IT IS SO ORDERED.

Dated:          August ___, 2016
                Rochester, New York


HON. DAVID G. LARIMER
United States District Judge